UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RAYMOND THOMAS,

                           Plaintiff,                    **MEMORANDUM AND ORDER**

    -against-

                                                         09-CV-5029 (SLT) (RML)

CIGNA GROUP INSURANCE, *et al.*,

                           Defendants.
-----------------------------------------------------------x

**TOWNES, United States District Judge:**

       This is an action pursuant to the Employment Retirement Income Security Act, 29 U.S.C. §1001 *et seq.*, in which plaintiff Raymond Thomas ("Plaintiff") seeks to recover life insurance benefits allegedly owed to him by the Countrywide Financial Corporation Group Insurance Plan, an employee benefit plan administered by Life Insurance Company of North America ("LINA"), following the death of his sister, Judith Thomas (the "Decedent"). In a Memorandum and Order dated January 4, 2013, and entered January 10, 2013 (the "Prior Order"), this Court concluded that LINA's denial of Plaintiff's claim for the life insurance benefits was arbitrary and capricious. However, this Court also concluded that it could not simply order LINA to pay the claim. Citing to *Miller v. Untied Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995), for the proposition that a district court "must remand to the [administrator] with instructions to consider additional evidence unless no new evidence could produce a reasonable conclusion permitting denial of the claim or remand would otherwise be a 'useless formality,'" this Court stated:

> In this case, it is possible that further investigation regarding the manner in which Countrywide furnished the SPD will uncover evidence to establish that Countrywide, in fact, acted in accordance with the relevant regulations and that the SPD was sufficient to place Decedent on notice of the Waiver of Premium provisions. Accordingly, this Court remands this matter to LINA, as Claims Administrator, with instructions to conduct that investigation.

> In addition, LINA should endeavor to obtain a complete copy of
> the SPD(s) that were furnished to Decedent and should re-evaluate
> Vaupel's assumption that the SPD placed Decedent on notice of
> the need to file a Waiver of Premium claim in connection with the
> Basic Life Insurance Plan.

Prior Order at 44.

In a letter dated January 30, 2013, Plaintiff requests "clarification" of the Prior Order. First, alleging that LINA has not yet begun the investigation contemplated by the Prior Order, Plaintiff urges this Court to "impose a schedule upon LINA within which to complete its review" of Plaintiff's claim. Letter to Hon. Sandra L. Townes from Lowell B. Davis, dated Jan. 30, 2013, at 1. Second, citing to *Miller, supra*, Plaintiff seeks to limit the scope of LINA's review, implying that because "district courts may consider only the evidence that the fiduciaries themselves considered," LINA's search for new evidence regarding the manner in which Countrywide provided its SPD to its employees is a "useless formality." *Id.* at 2.

LINA opposes Plaintiff's request. First, citing to *Solnin v. Sun Life & Health Ins. Co.*, 766 F. Supp. 2d 380, 393-94 (E.D.N.Y. 2011), LINA argues that the time limitations set forth in 29 C.F.R. § 2560.503-1(i)(1) should apply in these circumstances and requests that, if the Court imposes a time limitation, LINA be permitted 90 days in which to conduct its review of Plaintiff's claim. Second, LINA asserts that Plaintiff "seems to confuse the role of a claim administrator on remand with the role of the court in its review of an administrator's determination" and that Plaintiff's request to limit LINA's investigation is "contrary to the [Prior] Order." Letter to Hon Sandra L. Townes from Emily A. Hayes, dated Feb. 1, 2013, at 2 (brackets added).

2

With respect to the first issue, this Court finds ample support for LINA's assertion that the time limitations set forth in 29 C.F.R. § 2560.503-1 apply to LINA's post-remand review of Plaintiff's claim. *See, e.g., Solnin*, 766 F. Supp. 2d. at 393 (citing cases); *Rappa v. Connecticut General Life Ins. Co.*, No. 06-CV-2285 (CBA), 2007 WL 4373949, at *7 (E.D.N.Y. Dec. 11, 2007). Plaintiff has not cited any legal authority to the contrary. Accordingly, this Court finds that LINA's post-remand review of Plaintiff's claim should be conducted in accordance with the provisions of 29 C.F.R. § 2560.503-1(i)(I).

In light of this finding, this Court sees no need to set a schedule for LINA's review of Plaintiff's claim. Rather, time limits for LINA's review are established by § 2560.503-1(i)(I), which provides that, with certain exceptions that are inapplicable to this case:

> [T]he plan administrator shall notify a claimant . . . of the plan's benefit determination on review within a reasonable period of time, but not later than 60 days after receipt of the claimant's request for review by the plan, unless the plan administrator determines that special circumstances (such as the need to hold a hearing, if the plan's procedures provide for a hearing) require an extension of time for processing the claim. If the plan administrator determines that an extension of time for processing is required, written notice of the extension shall be furnished to the claimant prior to the termination of the initial 60-day period. In no event shall such extension exceed a period of 60 days from the end of the initial period. The extension notice shall indicate the special circumstances requiring an extension of time and the date by which the plan expects to render the determination on review.

Assuming that LINA did not receive notification of the need to review Plaintiff's claim until the Prior Order was entered onto this Court's Electronic Case Filing ("ECF") system on January 10, 2013, the initial 60-day period will not expire until March 11, 2013, and, under special

3

circumstances, may be extended to May 10, 2013, by following the steps set forth in the regulation.

With respect to the second issue, Plaintiff's request to limit LINA's investigation appears to misinterpret the teachings of *Miller*, 72 F.3d 1066. In that case, the Second Circuit stated:

> We follow the majority of our sister circuits in concluding that a *district court's* review under the arbitrary and capricious standard is limited to the administrative record. Because *district courts* are required to limit their review to the administrative record, it follows that, if upon review a district court concludes that the Trustees' decision was arbitrary and capricious, it must remand to the Trustees with instructions to consider additional evidence unless no new evidence could produce a reasonable conclusion permitting denial of the claim or remand would otherwise be a "useless formality."

*Id.* at 1071 (emphasis added). Nothing in *Miller* implies that a claim administrator is required to limit its review to the administrative record upon remand. To the contrary, this language implies that a claim administrator *must* consider additional evidence on remand if instructed to do so by the district court. This language further requires the district court to remand a case "with instructions to consider additional evidence unless no new evidence could produce a reasonable conclusion permitting denial of the claim or remand would otherwise be a 'useless formality.'"

In remanding this case, the Court expressly directed LINA, *inter alia*, to (1) investigate the manner in which Countrywide furnished the SPD to its employees and (2) endeavor to obtain a complete copy of the SPD(s) that were furnished to Decedent. Prior Order at 44. This Court also explained why this evidence might prove consequential to LINA's review of Plaintiff's claim, rather than a useless formality. This Court will not reconsider those determinations unless Plaintiff "can point to controlling decisions or data that the court overlooked . . . that might

reasonably be expected to alter the conclusion reached by the court." *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

## *CONCLUSION*

For the reasons set forth above, this Court declines to set a schedule for LINA's review of Plaintiff's claim since the time limits for LINA's review are already established by 29 C.F.R. §2560.503-1(i)(I). The Court also declines to reconsider its order directing LINA to investigate the manner in which Countrywide furnished the SPD to its employees and endeavor to obtain a complete copy of the SPD(s) that were furnished to Decedent, unless Plaintiff "can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

**SO ORDERED.**

s/ SLT

/SANDRA L. TOWNES
United States District Judge

Dated: February 12, 2013
Brooklyn, New York