UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- x
ESTATE OF RAYMOND THOMAS,

        Plaintiff,

-against-

CIGNA GROUP INSURANCE, LIFE
INSURANCE COMPANY OF NORTH
AMERICA, and BANK OF AMERICA,
AS SUCCESSOR TO COUNTRYWIDE
FINANCIAL CORPORATION,

        Defendants.
------------------------------------------------------- x

MEMORANDUM & ORDER

09-CV-5029 (ENV) (SJB)

VITALIANO, D.J.

    Raymond Thomas commenced this action in 2009, pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"), seeking recovery of life insurance benefits. Presently before the Court is Magistrate Judge Sanket J. Bulsara's[1] Report and Recommendation, dated April 11, 2018 (the "R&R," ECF No. 199), regarding the assessment and imposition of attorney's fees. (R&R at 1). For the reasons stated below, the R&R is adopted in its entirety.

## Background

    The pertinent facts and procedural history have been recited in four prior opinions: *Thomas v. Cigna Grp. Ins.* (*Thomas I*), No. 09-cv-5029, 2013 WL 12084484 (E.D.N.Y. Jan. 10, 2013); *Thomas v. Cigna Grp. Ins.* (*Thomas II*), No. 09-cv-5029, 2013 WL 635929 (E.D.N.Y. Feb. 20, 2013); *Thomas v. Cigna Grp. Ins.* (*Thomas III*), No. 09-cv-5029, 2015 WL 893534

---

[1] In its objections, plaintiff misspells Judge Bulsara's name in various ways. (Pl.'s Objections, ECF No. 201 at 3, 6).

1

(E.D.N.Y. Mar. 2, 2015); and *Estate of Thomas v. Cigna Grp. Ins.* (*Thomas IV*), No. 09-cv-5029, 2016 WL 7235718 (E.D.N.Y. Dec. 13, 2016). Familiarity with these decisions is presumed, and the facts and history they recount will not be needlessly repeated here.

In brief recapitulation for context, this action under ERISA was commenced on November 16, 2009. Thomas sought to recover life insurance benefits allegedly owed to him following the death of his sister. (Compl., ECF No. 1; Second Am. Compl., ECF No. 36). Prior to her death, Thomas's sister was employed by Countrywide, which was acquired by Bank of America ("BOA") in July 2008. *Thomas I*, 2013 WL 12084484, at *1. She received various employee benefits, including two life insurance policies. *Id.* at *1, *6. Each policy was underwritten by the Life Insurance Company of North America ("LINA"), which used the service mark Cigna Group Insurance. *Id.* at *1. This litigation arose from insurance claims seeking a $104,000 benefit under each policy. *Id.* at *3.

The litigation progressed through several iterations. In *Thomas I*, the parties cross-moved for summary judgment. The Court granted defendants' motions only to the extent that they asserted that the second amended complaint did not allege any viable claims other than the claim pursuant to 29 U.S.C. § 1132(a)(1)(B). *Id.* at *21. The Court also ruled that LINA had acted arbitrarily and capriciously in failing to develop evidence relating to plaintiff's claim. *Id.* at *16. The Court granted plaintiff's motion for summary judgment to the extent of remanding this matter to LINA with instructions to further develop the Administrative Record. In *Thomas II*, the Court declined to set a schedule for LINA's review of Thomas's claims. *Thomas II*, 2013 WL 635929, at *3.

After LINA's May 9, 2013 decision to deny Thomas's claims, the parties again cross-moved for summary judgment. The Court denied defendants' motion and granted Thomas's

motion to the extent that it again remanded the matter to LINA for further consideration. *Thomas III*, 2015 WL 893534, at *1. The Court held that LINA's findings denying plaintiff's claim were both "unsupported by substantial evidence" and "erroneous as a matter of law." *Id.* at *24. LINA, as a result, issued payment of $208,000 plus interest of $10,668.66. (Decl. of Emily A. Hayes in Opp'n to Pl.'s Mot. for Att'y's Fees & Costs, ECF No. 186 ¶ 4).

In *Thomas IV*, the Court granted BOA's motion for summary judgment and denied Thomas's request that the Court, essentially, search the record on BOA's motion and grant him summary judgment too. *Thomas IV*, 2016 WL 7235718, at *6. At the same time, the Court denied BOA's motion for sanctions but reserved judgment on whether to award attorney's fees. *Id.* at *10-11. It "grant[ed] Plaintiff permission to make his proposed motion for attorney's fees and costs against the Insurers and grant[ed] BOA permission to file a revised motion for attorney's fees against Plaintiff." *Id.* at *11.

With permission to do so having been granted, BOA filed its motion for attorney's fees on February 10, 2017. (ECF No. 183). Following suit, the Estate of Thomas ("the Estate") filed its motion for attorney's fees on February 22, 2017 (ECF No. 184), and it filed its second motion for attorney's fees and costs on June 5, 2017 (ECF No. 193). All motions were referred to Magistrate Judge Bulsara for a report and recommendation.

Upon due consideration, Magistrate Judge Bulsara filed his R&R on April 11, 2018. The R&R gave all parties due notice as to the time limitation on objections to his report. (R&R at 27). Magistrate Judge Bulsara recommended that the Court award the Estate $69,825 in attorney's fees but not costs, and that the Court deny BOA's motion. (R&R at 26). The Estate untimely filed objections to the R&R on April 26, 2018, and LINA filed its reply in opposition on May 7, 2018.

3

Legal Standard

In reviewing the report and recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). A district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record." *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014). "The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates its original arguments." *Id.*

Discussion

I. Untimely Objection

The Second Circuit has interpreted the time limits of Rule 72 strictly, holding that "failure to object timely to a magistrate[] [judge's] report operates as a waiver of any further judicial review of the magistrate's decision." *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)). Federal Rule of Civil Procedure 72(b)(2) allows a party to "serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge on dispositive motions[2] "[w]ithin 14 days after being served with a copy of the recommended disposition."

---

[2] For purposes of Rule 72, post-trial motions for attorney's fees are treated as dispositive motions. *See* Fed. R. Civ. P. 54(d)(2)(D) ("[T]he court . . . may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it

4

Fed. R. Civ. P. 72(b)(2). In accordance with this rule, Magistrate Judge Bulsara's R&R stated, "Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt." (R&R at 27). Therefore, failure to object within 14 days constitutes waiver of any objections, making the clear error standard applicable.

Unquestionably, the Estate failed to object to the R&R within 14 days. Magistrate Judge Bulsara's R&R was issued on April 11, 2018, and the docket thus indicates that "[a]ny objections to this R&R must be filed with the Honorable Eric N. Vitaliano on or before **4/25/2018**" (ECF No. 199) (emphasis original). Notwithstanding, Plaintiff filed its objections on April 26, 2018, after the deadline had passed. Late filing is not treated lightly. In *Caidor*, the Second Circuit held that failure to timely object resulted in waiver, even when a party was proceeding *pro se*. *Caidor*, 517 F.3d at 603-04. Here, plaintiff is represented by counsel, so the case for waiver is even stronger. Having failed to timely object, the Estate is not only not entitled to de novo review of the portions of the R&R to which it sought to object, but also has waived appellate review of this order.

Notably, late filing is not without remedy. An extension of time to file, upon a proper showing, is available on motion. *See* Fed. R. Civ. P. 6(b)(1)(B). The Estate has never sought an extension. In any event, such extensions may be granted only "for good cause" and "excusable neglect," Fed. R. Civ. P. 6(b)(1). Admittedly, the rule sets the bar high. When a "rule is entirely clear," the Second Circuit has explained that "a party claiming excusable neglect will, in the ordinary course, lose under" applicable Supreme Court precedent. *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) (interpreting

---

were a dispositive pretrial matter.").

"excusable neglect")). A numerical time limit, such as the 14-day limit here, is entirely clear. *See, e.g., In re Quebecor World (USA), Inc.*, No. 15-cv-2112 (JPO), 2015 WL 4877422, at *2 (S.D.N.Y. Aug. 14, 2015) (finding that a 30-day time limit was entirely clear). More significantly, the Estate has neither offered, nor does anything in the record suggest it can offer, an "explanation . . . for the failure to comply" with the time limit, which "bespeaks an oversight greater than 'excusable neglect.'" *See Dixon v. A Better Way Wholesale Autos, Inc.*, 692 F. App'x 664, 665 (2d Cir. 2017) (summary order). Therefore, in the absence of motion and with no showing of excusable neglect, an extension of time is not appropriate, and plaintiff's opportunity to seek *de novo* review of its objections to the R&R has been lost.

II. The Award of Attorney's Fees Was Not Clearly Erroneous

The Estate having failed to perfect a timely written objection, and in the absence of any specific written objection by any other party,[3] the Court has carefully reviewed Magistrate Judge Bulsara's R&R and finds it to be correct, well-reasoned and free of any clear error. Indeed, LINA concedes that the R&R "was reasonable and should not be rejected." (ECF No. 202, at 2). Therefore, applying the clear error standard of review, Magistrate Judge Bulsara's R&R is adopted, in its entirety, as the opinion of the Court.

Conclusion

For the foregoing reasons, Magistrate Judge Bulsara's R&R (ECF No. 199), dated April 11, 2018, is adopted, in its entirety, as the opinion of the Court. On its motion for attorney's fees

---

[3] LINA states merely that it "does not believe that Plaintiff should be awarded any fees in this matter." *Id.* This "conclusory or general objection[]" entitles LINA to review under only the "clearly erroneous standard." *See Dafeng Hengwei Textile Co*, 54 F. Supp. 3d at 283.

6

and costs, the Estate is awarded attorney's fees in the amount of $69,825 from defendant LINA but is not awarded costs.  BOA's motion for attorney's fees is denied.

The Clerk of Court is directed to enter judgment accordingly.

So Ordered.

Dated: Brooklyn, New York
       August 8, 2018

                                      /s/ Eric N. Vitaliano
                                      ERIC N. VITALIANO
                                      United States District Judge